UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DANYELLE TERRY,
on behalf of herself and
all others similarly situated,

        Plaintiff,                        Case No. 21-cv-1220

    v.

MANDEL PROPERTY SERVICES, INC.,

        Defendant.

**JOINT MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS CERTIFICATION FOR THE PURPOSES OF SETTLEMENT**

## INTRODUCTION

    Plaintiff, Danyelle Terry, on behalf of herself and all others similarly-situated, and Defendant, Mandel Property Services, Inc., jointly move this Court for preliminary approval of the Parties' settlement of this lawsuit in accordance with the Class and Collective Settlement Agreement and Release.

    The Class and Collective Settlement Agreement and Release (ECF No. 26-1, "Agreement"), attached to this Joint Motion as **Exhibit 1**, provides for a total monetary settlement payment of $103,500.00 inclusive of attorneys' fees and costs. The Parties believe that the settlement is a fair and reasonable resolution of a *bona fide* wage dispute as it fully and adequately satisfies this Court's criteria for such settlements. As such, the Parties respectfully request that the Court enter an order which:

(1) Preliminarily approves the Agreement attached as **Exhibit 1** to this Joint Motion as fair, reasonable, and adequate;

(2) Certifies, for settlement purposes only, the proposed FED. R. CIV. P. ("Rule") 23 Class ("Wisconsin Settlement Class") and Collective Class pursuant to the Fair Labor Standards Act ("FLSA") section 29 U.S.C. § 216(b) ("Non-Wisconsin Settlement Collective Class") (together collectively the "Settlement Class");

(3) Appoints Walcheske & Luzi, LLC as counsel for the Settlement Class ("Class Counsel");

(4) Designates Plaintiff, Danyelle Terry, as representative of the Settlement Class;

(5) Approves the mailing of notice to members of the Settlement Class in a form substantially similar to the Notice Packets attached as **Exhibits A** and **B** to the Agreement;

(6) Establishes deadlines for putative Wisconsin Settlement Class Members to opt out of the case or object to the Agreement;

(7) Establishes deadlines for putative Non-Wisconsin Settlement Collective Class Members to opt-in to the case or object to the Agreement;

(8) Finds that such notice process satisfies Due Process;

(9) Directs that any member of the Wisconsin Settlement Class who has not properly requested exclusion from the Agreement and any member of the Non-Wisconsin Settlement Collective Class who timely filed their "Consent to Join" form, be bound by the Agreement in the event the Court issues a Final Order Approving Settlement;

(10) Directs that any member of the Settlement Class who wishes to object to the Settlement Agreement in any way must do so per the instructions set forth in the Notice Packets; and

(11) Schedules a fairness hearing for final approval of the Settlement Agreement.

## STATEMENT OF FACTS

### I. PROCEDURAL HISTORY

On October 20, 2021, Plaintiff, Danyelle Terry, filed her *Complaint* against Defendant, Mandel Property Services, Inc., on behalf of herself and all other hourly-paid, non-exempt employees of Defendant. (ECF No. 1, *passim*.) Plaintiff, herself, was an hourly-paid, non-exempt employee of Defendant within the three (3) years preceding the filing of her *Complaint*. Plaintiff alleged, *inter alia,* violations of the FLSA and Wisconsin's Wage Payment and Collection Laws ("WWPCL"), to wit, Defendant failed to include all non-discretionary forms of monetary compensation in hourly-paid, non-exempt employees' regular rates of pay for overtime calculation and compensation purposes in workweeks when said employees worked in excess of forty (40) hours during the representative time period for which the non-discretionary remuneration covered. (*See* ECF No. 1.) Plaintiff further alleged that Defendant engaged in a policy in practice of unlawful overtime "banking" which failed to compensate its hourly-paid, non-exempt employees for all hours worked and/or worked performed, including at an overtime rate of pay for hours worked in excess of forty (40) in a workweek. (*Id.*) Thereafter, the Parties engaged in both formal and informal written discovery, including detailed and extensive review of Defendant's actual timekeeping and pay records, in an effort to assess Plaintiff's and the purported class and collective class claims.

### II. SETTLEMENT BACKGROUND

Beginning in August 2022, the Parties began engaging in informal settlement discussion dialogue via their respective counsel. Settlement negotiations started in earnest on August 18,

2022. On October 14, 2022, the Parties reached the framework of an amicable resolution to Plaintiff's claims against Defendant, including the class and collective class claims.

Thereafter, the Parties worked diligently to reduce their Agreement to writing and finalize the other necessary details for the settlement – including the language in the proposed notices to the Wisconsin Settlement Class and Non-Wisconsin Settlement Collective Class (attached as Exhibits A and B to the Agreement), finalizing an allocation of the settlement funds amongst the members of the Settlement Class, and other documents necessary to memorialize their Agreement filed concurrently herewith.

Plaintiff firmly believes in the viability and successfulness of her legal claims and remaining causes of action against Defendant. Conversely, Defendant denies all liability and damages with respect to the causes of action asserted by Plaintiff. To avoid the burden, expense, and uncertainty of continued litigation, however, the Parties concluded that it was in their best interests, and the best interests of the Settlement Class, to resolve the litigation contingent upon the Court approving the settlement terms.

## III.    THE SETTLEMENT AGREEMENT

The parties' Agreement is attached as **Exhibit 1**, and its terms are summarized below.

### A.    The Wisconsin Settlement Class and the Non-Wisconsin Settlement Collective Class

Because Plaintiff brought claims under both the FLSA and WWPCL, the case respectively involves both collective action and class action procedures. Plaintiff's WWPCL claims are governed by class action procedures under Rule 23, while her FLSA claims involve collective action procedures.

For settlement purposes only and contingent upon the Court approving the settlement terms, the Parties have agreed to certify the following Rule 23 Class pursuant to Rule 23:

4

> Any and all current and former hourly-paid, non-exempt employees employed by Defendant in the state of Wisconsin between October 20, 2019 and October 20, 2022 in the positions of Leasing Consultant/Leasing Agent, Assistant Property Manager, Maintenance Technician, Maintenance Supervisor, and Groundskeeper.

("Wisconsin Settlement Class") (*See* ECF No. 26-1 §§ 1.25-1.26.) Based upon a review of Defendant's records, the Parties believe that there are one-hundred and eighty-one (181) Wisconsin Class Members.

For settlement purposes only and contingent upon the Court approving the settlement terms, the Parties have agreed to certify the following FLSA Collective pursuant to 29 U.S.C. § 216(b):

> Any and all current and former hourly-paid, non-exempt employees employed by Defendant in states other than the state of Wisconsin between October 20, 2019 and October 20, 2022 in the positions of Leasing Consultant/Leasing Agent, Assistant Property Manager, Maintenance Technician, Maintenance Supervisor, and Groundskeeper.

("Non-Wisconsin Settlement Collective Class") (*See* ECF No. 26-1 § 1.11, 1.13.) Based upon a review of Defendant's records, the Parties believe that there are ninety-seven (97) Non-Wisconsin Collective Members.

### B. Summary of Settlement Agreement's Terms

The general terms of the Settlement Agreement can be summarized as follows:

- There is a Settlement Fund comprised of the amounts set forth therein;

- Contingent upon the Court approving the terms of the Settlement Agreement and for settlement purposes only, the Parties agree to stipulate to certify the Wisconsin Settlement Class pursuant to Rule 23 and the Non-Wisconsin Settlement Collective Class pursuant to 29 U.S.C. § 216(b); said stipulation has been filed herewith (ECF No. 25);

5

- Within thirty (30) days of the Court's Order Granting Final Approval of Settlement Agreement, payments will be made to the Wisconsin Class Members and Non-Wisconsin Collective Class Members (*See* ECF No. 26-1 § 2.3);

- Wisconsin Class Members are members of the Wisconsin Settlement Class that do not exclude themselves from the settlement in compliance with the exclusion procedures set forth in the Settlement Agreement, and they will be entitled to a payment of approximately $197.84 (*See* ECF No. 26-1 § 3.1(A);

- Non-Wisconsin Collective Class Members are members of the Non-Wisconsin Settlement Collective Class that file their Opt-In Consent Form in compliance with the procedures set forth in the Agreement, and they will be entitled to a payment of approximately $197.84 (*See Id.*);

- Any of the Settlement Fund that is not paid due to an individual's exclusion from the Settlement Agreement or failure to cash a settlement check within 120 days from the date the check is issued will revert to Defendant (*See* ECF No. 26-1 § 3.1(B));

- Upon approval by this Court, Plaintiff will be entitled to receive a service payment up to, but not to exceed, a total of $8,000.00 as set forth in the Settlement Agreement (*See* ECF No. 26-1 § 3.3). The Court has authority to set out the exact amount of the service award for Plaintiff;

- Upon approval by this Court, Class Counsel will receive reimbursement for attorneys' fees up to, but not to exceed, a total of $34,500.00 and costs up to, but not to exceed, a total of $6,000.00 spent litigating and resolving this matter which the Parties agree are reasonable (*See* ECF No. 26-1 § 3.2). The Court has authority to set out the exact amount of the attorneys' fees and costs awarded;

6

- In exchange for the above payments, the Plaintiff and Wisconsin Class Members agree to release and forever discharge Defendant from any and all wage and hour claims accrued while employed by Defendant as an hourly paid, non-exempt employee, including claims for unpaid overtime wages, and related claims for penalties, attorneys' fees, costs and expenses, and/or agreed upon wages, including those under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.*, and WIS. STATS. Chapters 103 and 109 and WIS. ADMIN. CODE §§ DWD 272 and 274, through the date of judgment (ECF No. 26-1 §§ 4.2); and

- In exchange for the above payments, the Plaintiff and settling Non-Wisconsin Settlement Collective Class Members (members that timely filed opt-ins to join the settlement) agree to release and forever discharge Defendant from any wage and hour claims accrued while employed by Defendant as an hourly paid, non-exempt employee, including claims for unpaid overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.,* through the date of judgment. (ECF No. 26-1 § 4.1.)

The Parties believe this Settlement Agreement is a fair and reasonable resolution of a *bona fide* wage dispute that was reached at arm's length and in recognition of the risks faced by each of them. The settlement is structured to maximize payment to participating members of the Settlement Class. The Notice Packets proposed by the Parties adequately inform the members of the Settlement Class of their rights to participate in the settlement, to exclude themselves from the settlement, and to object to the settlement, as well as the legal implications of these actions. (ECF No. 26-1, Exs. A-B). Because the settlement is fair and was reached by the Parties at arm's length, the Parties jointly request that the Court grant preliminary approval of the Agreement and allow Class Counsel to mail the Notice Packets attached as Exhibits A and B to the Agreement.

7

<u>**ARGUMENT**</u>

**I.    PRELIMINARY APPROVAL OF THE AGREEMENT IS APPROPRIATE**

**A.    The Criteria for Preliminary Approval Has Been Satisfied**

Resolution of class action litigation by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Settlement of a FED. R. CIV. P. 23(b)(3) class action may be approved if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e).

In reviewing a proposed settlement agreement, courts "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). Other factors the courts are to consider are the complexity, expense, and likely duration of the litigation; reaction of the class to the settlement; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of the defendant to withstand greater judgment; and the range of reasonableness of the settlement funds to a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974); *see also Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (courts consider "strength of [Plaintiffs'] case compared to the settlement amount; the complexity, length, and expense of the litigation; any opposition to settlement; the opinion of competent counsel; and the stage of the proceedings (including the amount of discovery completed) at the time of settlement.").

A similar analysis is applied by Courts approving FLSA collective action settlements. *Neeck v. Badger Bros. Moving, LLC*, No. 19-CV-834-WMC, 2021 WL 1945820, at *2 (W.D. Wis. May 14, 2021)(in granting final approval of settlement, "the court concludes that the parties' settlement is fair, reasonable and adequate pursuant to Rule 23(e) and as required under the FLSA."); *Black v. Renaissance Learning, Inc.*, No. 15-CV-635-JDP, 2016 WL 9460662, at *6 (W.D. Wis. Nov. 10, 2016) (factors used to assess whether settlement is fair and reasonable under the FLSA "track the considerations that the court must weigh when reviewing proposed class action settlements under Rule 23. "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Mollett v. Kohl's Corp.*, No. 21-CV-707-PP, 2022 WL 4641082, at *2 (E.D. Wis. Sept. 30, 2022) (quoting *Castillo v. Noodles & Co.,* No. 16-CV-03036, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016). If the proposed settlement is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions, courts may approve the agreements to encourage settlement of litigation. *Mollett*, 2022 WL 4641082, at *2 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

Preliminary approval of a class action settlement allows putative class members to receive notice of the proposed settlement terms and the date and time for the fairness hearing at which putative class members may be heard and further evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement agreement may be presented. *See* Manual for Complex Litigation at §§ 13.14, 21.632.

### 1. **The proposed Settlement Agreement is fair, reasonable, and adequate**

In deciding whether to approve the settlement, the court is "entitled to give consideration to the opinion of competent counsel." *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996). The court

is also entitled to consider that "the settlement is the result of an arm's-length negotiation." *Smoot v. Wieser Bros. Gen. Contractors, Inc.*, No. 15-CV-424-JDP, 2016 WL 1736498, at *5 (W.D. Wis. Apr. 29, 2016). The Settlement Agreement's terms outlined above are fair and reasonable for the Parties. Real disputes exist between the Parties as to whether liability exists in this case and to what extent, and if liability were proven, the extent of the damages. Specifically, the Parties disagree on Plaintiff's ability to prove liability, the amount of past due overtime wages, whether the violation of the FLSA and WWPCL was willful, and the amount/extent of any award of liquidated damages and/or civil penalties due to the members of the Settlement Class.

The aggregate monetary value of the Gross Settlement Fund was estimated first by Plaintiff's Counsel based upon a review of Defendant's timekeeping records and payroll information from October 2019 through May 2022. Plaintiff's Counsel first recalculated Settlement Class Members' regular rate of pay for overtime compensation purposes assuming all additional earnings were, in fact, non-discretionary. Plaintiff's Counsel calculated the unpaid overtime of a statistically significant sampling of putative Settlement Class members using a methodology approved by the United States Department of Labor. *See* 29 C.F.R. § 778.109. The median amount of unpaid overtime wages for the representative sample was approximately $140.00, inclusive of liquidated damages. Defendant's Counsel engaged in its own potential damages analysis pertaining to the Settlement Class, and that analysis resulted in a potential unpaid overtime amount that was lower than that of Plaintiff's representative sampling analysis. The Parties thereafter negotiated additional amounts for alleged overtime "banking," as well as other damages which allegedly accrued between the date of sampling (*i.e.,* May 2022) through the estimated date of judgment. The Settlement Agreement provides that class members are eligible to receive a total payment up to $197.84 each.

The Parties agree that these amounts constitute a reasonable and adequate recovery of a *bona fide* wage dispute, based upon the Parties' detailed and extensive evaluation of Defendant's payroll and time records and the risks of continued litigation. Indeed, Settlement Class Members, in the aggregate, will receive all or almost all of the potential unpaid overtime wages and statutory "liquidated" damages as well as additional sums for the alleged overtime "banking" claim. Beyond this, the Settlement Agreement is structured to maximize payment to participating members of the Settlement Class by automatically issuing payments for individuals who do not exclude themselves from the Rule 23 Class because these payments are made without any requirement to file a claim.

2.    **The Agreement was reached through extensive arm's length negotiations**

Despite the Parties' divergent views regarding Plaintiff's allegations in her amended complaint, they were able to work toward a compromise in this matter and negotiate at arm's length to resolve the claims of Plaintiff and putative class members. The Parties engaged in substantive discussions during the course of the litigation.

3.    **The Settlement Fund provides adequate relief for the Settlement Class and the proposed allocation method equitably divides the settlement funds**

The proposed settlement allocation results in each Settlement Class Member receiving their *pro rata* share of the Gross Settlement Fund less attorneys' fees and costs. The parties estimate this amount to be $197.84. This is a reasonable recovery in light of the amount of all alleged unpaid overtime wages purportedly due by Defendant to its hourly-paid, non-exempt employees. The type of claims in dispute, and the risks in the case, including the risk that Plaintiff and putative Settlement Class members would receive nothing at trial. The settlement allocation has been calculated in the most precise manner possible and was agreed to by Class Counsel. Liquidated damages and civil penalties were also factored into these calculations and allocations.

11

## 4.    The requested service payment is reasonable

The Seventh Circuit recognizes that service payments are appropriate in circumstances such as those presented by this case and look to the following relevant factors: actions the plaintiff took to protect the class's interests; the degree to which the class benefitted from those actions; and the amount of time and effort the plaintiff expended in pursuing litigation. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

The Settlement Agreement provides that Plaintiff will receive up to an $8,000.00 service payment in recognition of her efforts in this case, as well as the benefit each class member derived from those efforts. This service payment is fair and reasonable given the efforts undergone and risks assumed by Plaintiff in initiating litigation, as well as securing a recovery which results in what Class Counsel has calculated to be the full payment of wages alleged due.

The proposed service award of $8,000.00 is commensurate with those awards which district courts have routinely awarded in this circuit. *Chesemore v. All. Holdings, Inc.*, 2014 WL 4415919, at *5 (W.D. Wis. Sept. 5, 2014), *aff'd sub nom. Chesemore v. Fenkell*, 829 F.3d 803 (7th Cir. 2016) (recognizing that service awards are commonly between $5,000 and $25,000); *See also*, *Wright v. Denali Staffing,* LLC, 20-cv-1185, ECF No. 39 (E.D. Wis., December 10, 2021) (Adelman, J.) ($2,500.00); *McDaniel v. The Laureate Group, Inc., et. al*., 20-cv-1870, ECF No. 38 (E.D. Wis., December 3, 2021) (Ludwig, J.) ($2,500.00); *Imes v. Amalga Composites, Inc.,* 19-cv-1130, ECF No. 40 (E.D. Wis., September 21, 2021) (Adelman, J.) ($5,750.00); *Kelly v. Hudapack Metal Treating, Inc.,* 20-cv-130, ECF No. 37 (June 24, 2021) (Ludwig, B.) ($3,000.00); *Hoaglan v. Heritage Senior Living, LLC,* 19-cv-1361, ECF No. 30 (March 19, 2021) (Adelman, L.) ($5,000.00); *Henderson, et. al. v. Russ Darrow Group, Inc.,* 19-cv-1421, ECF No. 51 (E.D. Wis. March 16, 2021) (Stadtmueller, J.) ($5,000.00); *Merschdorf v. D.C. Industries, Inc., et. al.*,

Case No. 19-cv-1037, ECF No. 45 (W.D. Wis. March 4, 2021) (Peterson, J.) ($5,000.00); *Henderson v. Automated Pet Care Products, Inc.*, Case No. 19-cv-1640, ECF No. 41 (E.D. Wis. February 9, 2021) (Adelman, L.) ($5,000.00); *Medina v. Automax Financial, LLC*, Case No. 19-cv-1582, ECF No. 41 (E.D. Wis. January 29, 2021) (Stadtmueller, J.) ($7,500.00); *Schmitt v. Color Craft Graphic Arts, LLC*, 19-cv-1705, ECF No. 40 (E.D. Wis., November 13, 2020) (Griesbach, J.) ($2,500.00); *Bills v. TLC Homes, Inc.*, Case No. 19-cv-148, ECF No. 53 (E.D. Wis. October 8, 2020) (Pepper, J.) ($3,500.00); *Clark v. Brunswick Corp.*, No. 19-cv-141, ECF No. 44 (E.D. Wis., May 22, 2020) ($2,500.00); *Doberstein v. East Wisconsin Savings Bank*, No. 18-cv-1931, ECF No. 35 (E.D. Wis., November 26, 2019) (Griesbach, J.) ($2,500.00); *Paswaters v. Krones, Inc.,* 19-cv-993, ECF No. 61 (E.D. Wis. July 12, 2019) (Stadtmueller, J.) ($7,500.00); *Eckstein v. St. Paul Elder Services, Inc*., 19-cv-945, ECF No. 38 (E.D. Wis., June 28, 2019) (Griesbach, J.) ($2,500.00); *Slaaen, et al. v. Senior Lifestyle Corporation, et al*., 18-cv-1562, ECF No. 92 (E.D. Wis. October 3, 2018) (Stadtmueller, J.) ($7,500.00); *Johnson v. National Technologies, Inc.,* No. 18-cv-462, ECF No. 57 (E.D. Wis., July 22, 2019) (Jones J.) ($8,500.00); *John Weninger v. General Mills Operations, LLC*, Case No. 2018-cv-321, ECF No. 93 (E.D. Wis. April 18, 2019) (Stadtmueller, J.) ($5,000.00); and *Tracy Gerlach v. West Revenue Generation Services, et. al.*, Case No. 2018-cv-170, ECF No. 91 (E.D. Wis. January 3, 2019) (Griesbach, J.) ($7,500.00).

However, Plaintiff will separately petition this Court for final approval of this amount. Accordingly, the Parties submit that the service payment to Plaintiff is fair and reasonable under the circumstances and request that the Court preliminarily approve the proposed service payment.

### 5. The requested attorneys' fees and costs are reasonable

As a result of this litigation and in furtherance of its resolution, Defendant will compensate Class Counsel for Plaintiff's reasonable attorneys' fees and costs spent litigating this matter to date

and the anticipated amount of attorneys' fees and costs that will continue to be spent litigating this matter through its ultimate conclusion, *i.e.* $34,500.00, as well as non-taxable costs including settlement administration fees, *i.e.* $6,000.00. Defendant does not oppose Class Counsel's request for this amount, which was negotiated with counsel for Defendant during settlement negotiations in this matter. The parties believe that this is fair, reasonable, and representative of the current actual and further anticipated amount of time and cost that Class Counsel has spent (and will continue to spend) litigating this matter through its ultimate conclusion.

However, Plaintiff will separately petition this Court for final approval of these amounts. Accordingly, the Parties submit that the proposed attorneys' fees and costs, *i.e.* $34,500.00, as well as non-taxable costs including settlement administration fees, *i.e.* $6,000.00, is fair and reasonable under the circumstances and request that the Court preliminarily approve the proposed amounts.

## II. BECAUSE THE PUTATIVE RULE 23 CLASS AND FLSA COLLECTIVE SATISFIES THE STANDARDS REQUIRED BY FEDERAL COURTS, THE PARTIES' WISCONSIN SETTLEMENT CLASS (RULE 23) AND NON-WISCONSIN SETTLEMENT COLLECTIVE CLASS (FLSA) SHOULD BE CERTIFIED.

The Seventh Circuit has held that "despite the difference between a collective action and a class action ... there isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards, though with some terminological differences." *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013).

### A. The Putative Rule 23 Class Satisfies the Implicit Standard of Definiteness Required by Courts

In addition to the standards stated in FED. R. CIV. P. 23(a) and 23(b), federal courts require that the implicit standards for certification be met: (1) the proposed class definition must be definite

– that is, ascertainable, precise and objective[1]; and (2) Plaintiff must be a member of the class he or she represents.

The members of the Rule 23 Class and FLSA Collective are definite. The Parties have identified these individuals, (*see* ECF No. 26-1), have produced discovery and payroll records regarding them, and have reasonably calculated their potential damages. The Rule 23 Class and FLSA Collective definition does not include any subjective criteria. The Rule 23 Class and FLSA Collective includes hourly-paid, non-exempt employees who were subject to Defendant's payroll practices during a specific period of time. Plaintiff is a member of the class she represents, is a former hourly-paid, non-exempt employee of Defendant, and was subject to the pay practices at issue in the Complaint.

**B.     Plaintiff has Satisfied the FED. R. CIV. P. 23(a) Standards of Numerosity, Commonality, and Typicality and, with Her Counsel, Will Fairly and Adequately Protect the Interests of the Rule 23 Class and FLSA Collective**

**1.     The Parties' proposed Rule 23 Class and FLSA Collective satisfies the numerosity requirement of FED. R. CIV. P. 23(a)**

The Seventh Circuit has held that the numerosity requirement of FED. R. CIV. P. 23(a) requires a showing that the number of members in the proposed class is so large as to make joinder impracticable. *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 663-4 (7th Cir. 2004). Based on information provided by Defendant, there are two hundred and seventy-eight (278) putative Settlement Class members. It would be administratively untenable to join each individual class member in this action and, therefore, numerosity has been met in this matter. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995) (citing *1 Newberg on Class Actions 2d*, § 3.05 (1985 ed.)), *see also Shields v. Local 705, Int'l Bhd. of Teamsters Pension Plan,* 188 F.3d 895, 897 (7th Cir.1999) (noting that class consisted of class representative "and 35 other[s]");

---

[1] *Blihovde v., St. Croix*, 219 F.R.D. 617, 614 (W.D. Wis. 2003).

*Swanson v. Am. Consumer Indus., Inc.,* 415 F.2d 1326, 1333 n. 9 (7th Cir.1969) (40 class members is a sufficiently large group to satisfy Rule 23(a)).

> **2.** **As all of the putative Rule 23 Class and FLSA Collective Members were subject to the same pay practices by Defendant, common questions of law and fact predominate and therefore, satisfy the commonality requirement**

Rule 23(a) requires a finding that there are questions of fact or law which are common to the class. FED. R. CIV. P. 23(a)(2). This requires plaintiffs to show that they have all suffered the same injury, a "common contention" such that resolving the common issue will resolve all of the included claims in a single stroke. *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2551 (2011) ("What matters to class certification . . . is not the raising of common 'questions' . . . but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." (internal citations omitted)); *Williams-Green v. J. Alexander's Rests., Inc.*, 277 F.R.D. 374 (N.D. Ill. 2011) ("[Plaintiff] has demonstrated that his claims . . . arise from a common nucleus of fact based upon standardized conduct and, therefore, has satisfied the commonality requirement of Rule 23(a)(2).").

Questions common to the Settlement Class include whether Defendant's compensation policy included remuneration which was, in fact, non-discretionary in nature and whether such payments were lawfully excluded from hourly-paid, non-exempt employees' regular rate of pay for overtime compensation purposes in workweeks in which said employees worked in excess of forty (40) hours.

The common questions of law and fact, as alleged in the Complaint, are sufficient to meet the FED. R. CIV. P. 23(a)(2) standard as they arise from a common nucleus of operative fact, namely Defendant's payroll policies and practices.

### 3. **Plaintiff's claims satisfy the typicality requirement as they are legally and factually similar to putative Rule 23 Class and FLSA Collective Members' claims**

The typicality requirement is closely related to the question of commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and his or her claims are based on the same legal theory. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "The typicality and commonality requirements of the Federal Rules ensure that only those plaintiffs . . . who can advance the same factual and legal arguments may be grouped together as a class." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The typicality requirement, however, focuses only on whether the plaintiff's claim is based on the same legal theory and arises from the same course of conduct that gives rise to the claims of the other members of the proposed class. *Rosario*, 963 F.2d at 1018. Typicality focuses on the defendant's actions leading to the alleged violation and not on possible particularized defenses against certain individual class members. *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996).

Plaintiff is a member of the Settlement Class. The legal theories advanced by Plaintiff – that Defendant failed to correctly calculate her regular rate of pay for overtime compensation purposes and that Defendant maintained a practice of unlawfully "banking" overtime hours worked – applies equally to Plaintiff and the Settlement Class Members she seeks to represent. Because Plaintiff's claims involve the same legal theories and arise from the same course of conduct that gives rise to the claims of the Wisconsin Settlement Class and Non-Wisconsin Settlement Collective Class Members, the typicality element has been satisfied.

### 4. **Plaintiff and Class Counsel will fairly and adequately protect the interests of the Rule 23 Class and FLSA Collective**

The final inquiry under Rule 23(a) consists of two parts: (1) the adequacy of Class Counsel; and (2) the adequacy of representation provided in protecting the different, separate and distinct interests of the Rule 23 Class members. *Retired Chicago Police Ass'n v. Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (quoting *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (*en banc*)).

Walcheske & Luzi, LLC seeks to represent the Rule 23 Class and FLSA Collective. Walcheske & Luzi, LLC has served as Class Counsel in numerous cases involving claims similar to Plaintiff's claims. *See, e.g., Wright v. Denali Staffing, LLC*, 20-cv-1185 (December 10, 2021) (Adelman, L.); *McDaniel v. The Laureate Group Inc., et al.*, 20-cv-1870, ECF No. 35 (December 3, 2021) (Ludwig, B.); *Kelly v. Hudapack Metal Treating, Inc.,* 20-cv-130, ECF No. 37 (June 24, 2021) (Ludwig, B.); *Hoaglan v. Heritage Senior Living, LLC*, 19-cv-1361, ECF No. 30 (March 19, 2021) (Adelman, L.); *Henderson, et. al. v. Russ Darrow Group, Inc.*, 19-cv-1421, ECF No. 51 (E.D. Wis. March 16, 2021) (Stadtmueller, J.); *Henderson v. Automated Pet Care Products, Inc*., 19-cv-1640, ECF No. 41 (E.D. Wis. February 9, 2021) (Adelman, L.); *Medina v. Automax Financial, LLC,* 19-cv-1582, ECF No. 41 (E.D. Wis. January 29, 2021) (Stadtmueller, J.); *Clark v. Brunswick Corp.,* 19-cv-141, ECF No. 44 (E.D. Wis., May 22, 2020); *Doberstein v. East Wisconsin Savings Bank,* 18-cv-1931, ECF No. 35 (E.D. Wis., November 26, 2019) (Griesbach, J.); *Paswaters v. Krones, Inc*., 19-cv-993, ECF No. 61 (E.D. Wis. July 12, 2019) (Stadtmueller, J.); *Eckstein v. St. Paul Elder Services, Inc*., 19-cv-945, ECF No. 38 (E.D. Wis., June 28, 2019) (Griesbach, J.); *Slaaen, et al. v. Senior Lifestyle Corporation*, et al., 18-cv-1562, ECF No. 92 (E.D. Wis. October 3, 2018) (Stadtmueller, J.); *Johnson v. National Technologies, Inc.,* 18-cv-462, ECF No. 57 (E.D. Wis., July 22, 2019) (Jones J.).

Further, Plaintiff does not have any antagonistic or conflicting interests with the Settlement Class Members she seeks to represent. Plaintiff allegedly has been injured by the same conduct as the Settlement Class Members she seeks to represent and seeks compensation on her own behalf and on behalf of the Class Members she seeks to represent for those injuries. Plaintiff has thus satisfied the requirements of FED. R. CIV. P. 23(a).

### C. Plaintiff has Satisfied the Fed. R. Civ. P. 23(b) Standards because Common Questions of Law and Fact Predominate Over any Individualized Inquiries and because Judicial Economy is Enhanced by Class Treatment

In addition to meeting the FED. R. CIV. P. 23(a) standards, Plaintiff must satisfy one of the FED. R. CIV. P. 23(b) standards. Where, as is the case in this matter, Plaintiff seeks monetary damages, the inquiry properly focuses on FED. R. CIV. P. 23(b)(3). *Blihovde*, 219 F.R.D. at 619.

Under FED. R. CIV. P. 23(b)(3), certification of the class is proper where questions of law or fact common to the entire class predominate over individual claims and a class action is superior to other methods for fair and efficient adjudication. FED. R. CIV. P. 23(b). The Seventh Circuit has summarized this standard by stating that, "class action treatment is appropriate and permitted by Rule 23 when judicial economy from the consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single proceeding for a decision by a single judge or jury." *Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910, 911 (7th Cir. 2003).

#### 1. <u>Common questions of law or fact predominate</u>

The question to be answered here is whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Blihovde*, 219 F.R.D. at 620 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). When challenging a uniform policy, the validity of those policies predominate over individual issues and class certification is appropriate. *Id*. (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 147 n. 20 (1982)). Further, where a uniform policy is

challenged, individual inquiries into the application of that policy to an individual within the class will not supplant predominance. *Id*.

Through this settlement, the Parties have resolved a dispute regarding Defendant's policies and practices regarding its calculation of the regular rate for overtime compensation purposes and improper banking of overtime hours, which Plaintiff alleges violated the law. Because the practices were uniformly applied to the Wisconsin Settlement Class and Non-Wisconsin Settlement Collective Class, and because this settlement resolves the Parties' disputes over these practices, common issues predominate in this matter, and the FED. R. CIV. P. 23(b)(3) standards have been met.

## 2. Class resolution is the superior method of resolving these claims

The final FED. R. CIV. P. 23(b)(3) requirement, superiority, also has been met in this case. In evaluating superiority, courts consider: (1) the interests of the class members in controlling the prosecution of their own claims; (2) the existence of other pending litigation related to the same controversy; (3) the desirability of concentrating the claims in one forum; and (4) the difficulty of managing the class. FED. R. CIV. P. 23(b)(3). Neither Plaintiff nor Defendant are aware of any other pending litigation regarding this controversy.

The desirability of class resolution in this case is readily apparent by the size of the Settlement Class and the nature of the alleged violation. The challenged policy allegedly harmed each member of the putative class; however, the putative class members' individual interests in prosecuting these claims is small given the relatively small monetary value of each individual's claim. To the extent that any member of the Settlement Class would prefer to litigate his/her claim separately, the class mechanism will provide him/her an opportunity to opt out of the Wisconsin Settlement Class in order to do so. Further, members of the Non-Wisconsin Settlement Collective

Class simply retain their right to pursue their own claims separately by not filing an Opt-in to join the Settlement.   Moreover, the monetary value of each member's claim is relatively small such that individual adjudication of the claims is practically inefficient and unlikely.

Because a class is a superior method for resolving this dispute, Plaintiff requests that the Wisconsin Settlement Class and Non-Wisconsin Settlement Collective Class be certified.

### D.     The Parties' Proposed Notice and Manner of Service are Appropriate

In order to protect the rights of absent members of a settlement class, courts must provide the best notice practicable to all members. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1985). Such a notice should define the class, describe clearly the options open to the class members and deadlines for taking action, describe the terms of the proposed settlement, disclose any special benefits provided to class representatives, provide information regarding attorneys' fees, indicate the time and place of the fairness hearing, explain the procedure for distributing settlement funds, provide information that will enable the class members to calculate individual recoveries, and prominently display the address and telephone number of class counsel and the procedure for making inquiries. Manual for Complex Litigation at § 21.312.

The Notice Packets, attached as Exhibits A and B to the Parties' Settlement Agreement, meets each of the above criteria. (ECF No. 26-1, Ex. A and B).

The Parties jointly request that the Court set the following schedule in accordance with the Settlement Agreement:

(a) Within seven (7) days following this Court's Preliminary Approval Order, Defendant's Counsel will provide Plaintiff's Counsel with a master list of Settlement Class Members.

(b) Within ten (10) days following receipt thereof, Plaintiff's Counsel will mail a copy of the Notice Packets to the Settlement Class Members via first-class mail;

(c) Members of the Wisconsin Settlement Class will have thirty (30) days after the initial mailing of the Notice Packet to exclude themselves from the case (the "Rule 23 Notice Period");

(d) Members of the Non-Wisconsin Settlement Collective Class will have thirty (30) days after the initial mailing of the Notice Packet to opt-in to the case (the "FLSA Notice Period");

(e) A direction that any application for a service award or attorneys' fees and costs be filed at least twenty-one (21) days prior to the Fairness Hearing, pursuant to Rule 23(h);

(f) A direction that any objection in support of final approval of the Settlement Agreement or to the application for attorneys' fees be filed at least fourteen (14) days prior to the Fairness Hearing;

(g) A direction that any supplemental briefing in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees be filed at least seven (7) days prior to the Fairness Hearing; and

(h) A final hearing on the fairness and reasonableness of the Settlement Agreement, and whether final approval shall be given to it, Class Counsel's request for attorneys' fees and costs, and Plaintiff's service award will be held before this Court on a date most convenient to the Court, but in no case less than ninety (90) days after the Court preliminarily approves the Settlement Agreement.

## **CONCLUSION**

For all the reasons stated above, the Parties respectfully request that the Court enter an order that: (1) preliminarily approves the Settlement Agreement attached as ECF No. 26-1; (2) certifies, for settlement purposes only, the proposed Wisconsin Settlement Class and Non-Wisconsin Settlement Collective Class; (3) appoints Walcheske & Luzi, LLC as Class Counsel; (4) appoints Plaintiff, Danyelle Terry, as representative of the Settlement Class; (5) approves the mailing of the Notice Packets to Settlement Class Members in a form substantially similar to Exhibits A and B to ECF No. 26-1; (6) sets deadlines for members of the Settlement Class to opt out of the case or object to the Settlement Agreement; (7) finds that such Notice process satisfies due process; (9) directs that any member of Wisconsin Settlement Class Members who has not properly requested exclusion and any Non-Wisconsin Settlement Collective Class Members who have chosen to participate shall be bound by the Settlement Agreement in the event the Court issues a Final Order Approving Settlement; (10) a direction that any member of the Wisconsin Settlement Class or Non-Wisconsin Settlement Collective Class who wishes to object to the Settlement Agreement in any way must do so per the instructions set forth in the Notice Packet; and (11) schedules a hearing for final approval of the Settlement Agreement.

Dated this 27th day of January, 2023.


s/ *David M. Potteiger*
James A. Walcheske, SBN 1065635
Scott S. Luzi, SBN 1067405
David M. Potteiger, SBN 1067009

WALCHESKE & LUZI LLC
235 North Executive Drive, Suite 240
Brookfield, Wisconsin 53005

Telephone: (262) 780-1953

s/ *Carmen N. Decot*
Carmen N. Decot, SBN 1054862
Christina L. Wabiszewski, SBN 1098928

FOLEY & LARDNER LLP
777 East Wisconsin Avenue,
Milwaukee, Wisconsin 53202

Telephone: (414) 297-5568

Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com
Email: dpotteiger@walcheskeluzi.com

*Attorneys for Plaintiff*

Email: cdecot@foley.com
Email: cwabiszewski@foley.com

Leonard V. Feigel, FL Bar # 0027752
FOLEY & LARDNER LLP
1 Independent Drive, Suite 1300
Jacksonville, FL 32202-5017

Telephone:  (904) 359-8755

Email:  lfeigel@foley.com

*Attorneys for Defendant*