# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANYELLE TERRY, *on behalf of herself and all others similarly situated*,

                    Plaintiff,

v.

MANDEL PROPERTY SERVICES, INC.,

                    Defendant.

Case No. 21-CV-1220-JPS

# ORDER

On January 27, 2023, the parties in the above-captioned action filed a joint motion for preliminary approval of their settlement, ECF No. 26, which appended the parties' fully executed "Settlement Agreement and Release," ECF No. 26-1. The parties also stipulated to certification of a class pursuant to Federal Rule of Civil Procedure 23 and a collective pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). ECF No. 25. On January 31, 2023, the Court adopted the parties' stipulation as to class and collective certification and preliminarily approved the parties' settlement. ECF No. 27.

On April 28, 2023, the parties filed a joint motion for final approval of their settlement, ECF No. 30, and Plaintiff's counsel filed an unopposed motion for approval of Plaintiff's service award, ECF No. 31, and an unopposed motion for approval of attorneys' fees and costs, ECF No. 32.

On May 19, 2023, the Court conducted a fairness hearing on the parties' request for final approval of their settlement agreement. ECF No. 37. At that time, the Court found that no objections to the parties' settlement

had been received and indicated that it would approve the parties' settlement and would grant Plaintiff's unopposed motions for attorneys' fees and Plaintiff's service award. The Court will incorporate the terms of the parties' proposed order below.

Accordingly,

**IT IS ORDERED** that the joint motion for final settlement approval, ECF No. 30, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties' Settlement Agreement and Release, ECF No. 26-1, be and the same is hereby **APPROVED** as a fair, reasonable, and adequate resolution of a bona-fide dispute under the Fair Labor Standards Act ("FLSA") and the Wisconsin Wage Payment and Collection Laws ("WWPCL");

**IT IS FURTHER ORDERED** that, consistent with the parties' stipulation and the Court's prior Order, ECF No. 27, the Rule 23 class defined in the stipulation be and the same is hereby **CERTIFIED**, pursuant to Rule 23(c)(1), for purposes of final disposition. The parties have designated this class as the "WWPCL Class." The Rule 23 Class is defined as follows:

> Any and all current and former hourly-paid, non-exempt employees employed by Defendant in the state of Wisconsin between October 20, 2019 and October 20, 2022 in the positions of Leasing Consultant / Leasing Agent, Assistant Property Manager, Maintenance Technician, Maintenance Supervisor, and Groundskeeper;

**IT IS FURTHER ORDERED** that, consistent with the parties' stipulation and the Court's prior Order, ECF No. 27, the Section 216(b) Collective be and the same is hereby **CERTIFIED** for purposes of final

disposition. The parties have designated this collective as the "FLSA Collective." The FLSA Collective is defined as follows:

> Any and all current and former hourly-paid, non-exempt employees employed by Defendant in states other than the state of Wisconsin between October 20, 2019 and October 20, 2022 in the positions of Leasing Consultant / Leasing Agent, Assistant Property Manager, Maintenance Technician, Maintenance Supervisor, and Groundskeeper, and who submitted a Consent to Join form;

**IT IS FURTHER ORDERED** that Danyelle Terry be and the same is hereby approved as Class Representative for the WWPCL Class and the FLSA Collective;

**IT IS FURTHER ORDERED** that Walcheske & Luzi, LLC be and the same is hereby appointed as Class Counsel for the WWPCL Class and the FLSA Collective;

**IT IS FURTHER ORDERED** that the Settlement Agreement and Release is binding on the parties;

**IT IS FURTHER ORDERED** that the claims of the WWPCL Class and the FLSA Collective, as defined in the Settlement Agreement and Release, be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that the purported wage-related claims of those FLSA Collective members who did not timely file their Consent to Join forms as required by the previous orders of this Court and/or as agreed to between the parties be and the same are hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that the purported wage-related claims of those persons in the WWPCL Class who timely sought exclusion from

the settlement as outlined in the Settlement Agreement and Release be and the same are hereby **DISMISSED without prejudice**;

IT IS FURTHER ORDERED that the issuance of settlement payments to the WWPCL Class and the FLSA Collective, as described in the Settlement Agreement and Release, be and the same is hereby **APPROVED**;

IT IS FURTHER ORDERED that:

1. Counsel for Defendant shall provide counsel for Plaintiff with settlement checks for the WWPCL Class and the FLSA Collective within **thirty (30) calendar days** of entry of judgment in this case;

2. Following receipt of the settlement checks from counsel for Defendant, counsel for Plaintiff shall send the settlement checks to the WWPCL Class and the FLSA Collective via U.S. Mail;

3. Upon each WWPCL Class or FLSA Collective member's receipt of his or her individual settlement check, he or she shall have **one hundred and twenty (120) days** to cash his or her individual settlement check;

4. If a member of the WWPCL Class and the FLSA Collective does not cash his or her individual settlement check within **one hundred and twenty (120) days** of receiving it, the check and amount will revert to and be retained by Defendant;

IT IS FURTHER ORDERED that Plaintiff's unopposed motion for approval of the service award, ECF No. 31, in the amount of $8,000.00, which the parties have stipulated and agreed is reasonable, be and the same is hereby **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's unopposed motion for approval of attorneys' fees and costs, ECF No. 32, in the amount of

$40,500.00, which the parties have stipulated and agreed is reasonable, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this matter be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2023.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge